**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000389
14-AUG-2015
08:00 AM**

NO. CAAP-14-0000389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL MAWAE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-CR. NO. 13-1-0184)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Michael Mawae (Mawae) with: (1) abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2013)[1] (Count 1); and (2) unlawful imprisonment, in violation of HRS § 707-722(1) (2014) (Count 2).[2] The complaining witness (CW) for both charges was Mawae's girlfriend. After a jury-waived bench trial, the Family Court of the Fifth Circuit (Family Court)[3] found Mawae guilty as charged.

---

[1] HRS § 709-906(1) provides, in relevant part: "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]"

[2] HRS § 707-722(1) provides: "A person commits the offense of unlawful imprisonment in the second degree if the person knowingly restrains another person."

[3] The Honorable Edmund D. Acoba presided.

On appeal, Mawae contends that: (1) the Family Court erred in finding him guilty of abuse of a family or household member because there was insufficient evidence to show that he physically abused the CW; and (2) the Family Court erred in failing to consider Mawae's claim of self-defense in finding him guilty of both counts. We affirm.

BACKGROUND

I.

The following evidence was presented during the State's case in chief at trial.

Mawae and the CW were in an intimate "boyfriend and girlfriend" relationship. On the night in question, Mawae and the CW went drinking at a bar. Mawae became angry with the CW at the bar and was upset with the CW when they left the bar. The CW drove Mawae in her truck to a place called "Kitchens" where Mawae had a tent by the beach.

While at Kitchens, the CW received a text message from another guy. Mawae read the text message and became upset. Mawae began "snapping" and "yelling" at the CW, and they argued. Mawae pushed a pillow onto the CW's face, hit the pillow, and pushed and pulled the CW around. The CW told Mawae that she wanted to leave and the CW tried to leave, but Mawae refused to let her go. The CW had sex with Mawae to calm him down, but Mawae thereafter still refused to permit the CW to leave.

Over several hours, the CW repeatedly attempted to leave, and Mawae prevented her from leaving. Whenever the CW would get up, Mawae would pull the CW's arm down, causing her to fall. There were rocks in the area, and the CW sustained "a huge bruise on [her] side[.]" A few times, Mawae got on top of the CW and pinned her down. At some point, Mawae also slapped the CW in the face.

The CW fought back, and the CW punched Mawae and kicked him in an attempt to get away. But Mawae was much stronger than the CW. The CW explained: "[F]or me to punch him in the face is like almost nothing. But for him to do what he did is like, it

2

really hurt me." Eventually, after being thrown to the ground "multiple times," the CW was able to go from Mawae's tent to her truck. However, Mawae got into the passenger seat of the truck and would not get out of the truck or let the CW leave. The CW hit Mawae with a glass bottle, stabbed him with a nail file, and eventually "kicked him out of the truck[.]" The CW drove home and called the police.

When the police arrived, the CW was "covered in bruises," and the police took photographs of the CW's injuries. These photographs as well as a diagram of the bruises observed by the police on the CW's body were introduced at trial. During her testimony, the CW examined the photographs taken by the police and described a bruise on her right arm as coming from Mawae's trying to stop her from leaving; a mark on her shoulder as resulting from Mawae's grabbing and pulling her; and bruising on her shin as resulting from being pushed down by Mawae.

II.

Mawae testified in his own defense. According to Mawae, he and the CW argued after he read the text message on her phone. After arguing, they had sex and slept "for maybe three hours." The CW then received a text message from her father and began "freaking out." The CW rolled out of the tent and frantically began looking for her keys. Mawae told the CW that her keys were in her truck and tried to calm her down. The CW started hitting Mawae with sticks, and Mawae grabbed her arm to stop her. The CW then punched Mawae in the face and tried to stab him and hit him with sticks. Mawae stated that he "was blocking, trying to defend myself and trying to . . . give her love." Mawae "maybe" grabbed the CW's arm to stop her from hitting him and grabbed her leg to stop her from kicking him.

At some point, Mawae and the CW both got into the CW's truck and were arguing. The CW hit Mawae in the head with a bottle, stabbed him with a file, and tried to stab him with a steak knife. Mawae defended himself, grabbed the CW's arm, and

took the knife away. Mawae jumped out of the truck, and the CW drove away.

Mawae denied that he: (1) prevented the CW from leaving by grabbing her arm or in any other manner; (2) inflicted any of the CW's injuries; or (3) smothered the CW, got on top of her and pinned her down, or slapped her. Mawae testified that he sustained injuries caused by the CW as a result of the events, including a laceration across his skull, a "slice" down his left arm, a bruised back, and a swollen face.

On cross-examination, Mawae was shown the photographs the police had taken of the CW, which depicted bruises on the CW's body. Mawae testified that the injuries depicted in the photographs were either not caused by him, were caused when he acted in self-defense, or were caused by the CW injuring herself when she punched or kicked him.

### III.

After the parties presented closing arguments, the Family Court made various findings regarding its view of the evidence and what had happened during period in question. While discussing the CW's testimony, the Family Court stated that it found the CW's testimony to be credible. The Family Court found that the State had proven the charges in Counts 1 and 2 beyond a reasonable doubt, and it found Mawae guilty of both counts. In rendering its verdict, the Family Court did not specifically address Mawae's claim of self-defense, and Mawae did not request that the Family Court make specific findings on this claim.

The Family Court sentenced Mawae to two years of probation on Count 1 and one year of probation on Count 2, with credit for time served. The Family Court entered its Judgment on January 2, 2014, and this appeal followed.

### DISCUSSION

### I.

Mawae argues that the Family Court erred in finding him guilty of abuse of a family or household member because there was insufficient evidence to show that he physically abused the CW.

4

In particular, Mawae argues that there was insufficient evidence to show that he physically abused the CW because the State failed to adduce testimony from the CW that she experienced pain. We conclude that Mawae's argument is without merit.

For purposes of HRS § 709-906(1), "to 'physically abuse' someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body." State v. Nomura, 79 Hawai'i 413, 416, 903 P.2d 718, 721 (App. 1995). The term physical abuse also includes causing "physical pain, illness or any impairment of physical conditions." Id. at 720-21, 903 P.2d at 415-16 (internal quotation marks omitted).

Contrary to Mawae's suggestion, testimony by the CW that she experienced pain was not the only way for the State to prove that Mawae physically abused the CW. Even in the absence of direct testimony by the CW that she experienced pain, there was sufficient circumstantial evidence to support a finding that Mawae caused the CW to suffer physical pain. The evidence showed that Mawae slapped the CW in the face and that his actions in repeatedly grabbing her, pulling her down, and causing her to fall resulted in significant bruising to various parts of her body. The Family Court could reasonably infer from this evidence that Mawae's actions caused the CW to suffer physical pain. This evidence was also sufficient to show that Mawae maltreated the CW "in such a manner as to cause injury, hurt, or damage" to the CW's body. See Nomura, 79 Hawai'i at 416, 903 P.2d at 721. We conclude that when viewed in the light most favorable to the State, there was substantial evidence to support the Family Court's finding that Mawae was guilty of abuse of a family or household member.

II.

The Family Court did not specifically address Mawae's self-defense claim in finding him guilty on both counts. Mawae relies on this to argue that the Family Court erred in failing to consider his claim of self-defense in finding him guilty. We

conclude that Mawae's argument is based on a false presumption, and we reject it.

Mawae's argument presumes that the Family Court was required to specifically address his claim of self-defense in rendering its verdict. However, he provides no support for this presumption. Indeed, Mawae's presumption is contrary to Hawai'i Rules of Penal Procedure (HRPP) Rule 23(c) (1977) and established case law.

HRPP Rule 23(c) provides:

> **(c) Trial without a jury.** In a case tried without a jury the court shall make a general finding and shall in addition, <u>on request made at the time of the general finding, find such facts specially as are requested by the parties</u>. Such special findings may be orally in open court or in writing at any time prior to sentence.

(Emphasis added.)

When the Family Court rendered its verdict, Mawae did not make a request for specific findings of fact regarding his claim of self-defense.

> It is well-settled that in reviewing a decision rendered in a case tried by the court without a jury, an appellate court will indulge every reasonable presumption in favor of findings made by the court below as the basis of its decision <u>and in the absence of specific findings, every finding of fact necessary to support the decision appealed from will be presumed to have been made</u>.

State v. Alsip, 2 Haw. App. 259, 262, 630 P.2d 126, 128 (1981). Because Mawae did not request specific findings on his self-defense claim, the Family Court's general finding of guilt on both counts was sufficient to establish the validity of its verdicts. See State v. Bigelow, 2 Haw. App. 654, 638 P.2d 873, 874 (1982). Contrary to Mawae's argument, we presume from the Family Court's silence on Mawae's self-defense claim that it implicitly made the necessary findings to reject the defense. If Mawae believed that the Family Court had failed to consider his self-defense claim, he could have and should have requested specific findings by the Family Court.

Nothing in the record serves to overcome the presumption that the Family Court implicitly made the findings necessary to support its verdicts. Mawae's testimony raised the issue of self-defense, and he argued self-defense in closing argument. Given the manner in which Mawae presented his defense, Mawae provides no explanation for why the Family Court would have overlooked or failed to consider his claim of self-defense in rendering its verdicts. In announcing its verdict, the Family Court specifically stated that it found the CW's testimony to be credible, and it adopted a version of events that was consistent with the CW's testimony. The CW's testimony, if believed, refuted Mawae's claim of self-defense. The record does not support Mawae's contention that the Family Court failed to consider his claim of self-defense.

CONCLUSION

Based on the foregoing, we affirm the Family Court's Judgment.

DATED: Honolulu, Hawai'i, August 14, 2015.

On the briefs:

Daniel G. Hempey
(Hempey & Meyers LLP)
for Defendant-Appellant
(on opening brief)

J. Scott Kessinger
for Defendant-Appellant
(on reply brief)

Sinclair Salas-Ferguson
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

7